# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1743
Lower Tribunal No. M23-9759
_____

**Amed Youssef Bamba,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Cristina Rivera Correa, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. See State v. Garcia, 346 So. 3d 581, 585–86 (Fla. 2022) ("Garcia's counsel did not object to the State's discussion of his misconduct while on bond at all, let alone on the basis that the court impermissibly considered Garcia's postarrest misconduct. . . . In light of Garcia's failure to preserve the issue, appellate review is conditioned on finding that the trial court's alleged consideration of Garcia's postarrest misconduct constitutes fundamental error. . . . The sentencing judge heard argument on a motion for downward departure seeking a sentence of probation. In considering the defendant's amenability to such a sentence, the court considered 'all the evidence'—admittedly including evidence about incidents that it previously considered in revoking Garcia's bond. . . . In light of all these considerations, looking at a sentencing range between 34.8 and 360 months, the court reasoned that a sentence of 84 months was appropriate. We cannot say that this determination reflects the trial court's having committed fundamental error on the order of an illegal sentence.") (citations omitted); Nelson v. State, 392 So. 3d 174, 182–83 (Fla. 5th DCA 2024) ("While we recognize that the trial court here appeared to place even greater weight on the allegedly impermissible factor than the Garcia trial court did, the additional weight is offset by the improbability that it made any difference in the ultimate sentence. . . . Nelson thus presents a particularly weak case for

2

fundamental error. He asks us to find fundamental error in a bottom-of-the-guidelines sentence where the trial court considered a variety of evidence concerning the circumstances of his offenses, including his pecuniary motive, and where the only possible prejudice to him resulted from determinations over which the trial court has wide discretion. In sum, Nelson's sentence could well have been obtained without the assistance of the purported error that he alleges."), review denied, No. SC2024-1356, 2025 WL 18440 (Fla. Jan. 2, 2025).